J-A07003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOAN CICCHIELLO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SERVICE EMPLOYEE INTERNATIONAL | : | No. 1172 MDA 2023 |
| UNION HEALTHCARE PENNSYLVANIA | : | |

Appeal from the Order Entered August 8, 2023
In the Court of Common Pleas of Northumberland County
Civil Division at No: CV-2017-02193

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 27, 2024**

Appellant, Joan Cicchiello, appeals from the August 8, 2023 order granting the motion to dismiss filed by Service Employee International Union Healthcare Pennsylvania ("SEIU" or "Appellee"), and dismissing Appellant's Complaint pursuant to Pa.R.Civ.P. 233.1, on the grounds that the claims were frivolous and previously litigated.[1] Upon review, we affirm.

The facts were set forth in a prior memorandum by this Court:

> Appellant was a Pennsylvania Department of Corrections ("DOC") nurse at SCI-Muncy and SCI-Frackville. Appellant alleges that in January 2007, the DOC terminated her employment in retaliation for her serving as a representative of Appellee.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Civ.P. 233.1 pertains to the dismissal of a *pro se* litigant's repetitive or frivolous claims.

Following her termination, Appellant filed a grievance through Appellee. In October 2010, after several years of negotiations, Appellee's Member Resources Center Director Wilfredo Tellado resolved Appellant's grievance by entering into a settlement agreement with the DOC (the "First Settlement Agreement") on Appellant's behalf, through the DOC's representative Timothy A. Holmes.

Two months later, a new settlement agreement (the "Second Settlement Agreement") replaced the First Settlement Agreement. The Second Settlement Agreement added Appellant as a party and signatory, but left the substantive portions of the First [Settlement] Agreement intact.

In February 2013, the DOC rescinded the Second Settlement Agreement, stating that it could not fulfill its essential terms.[2]

> [2] Specifically, the DOC noted that Paragraph 2 of the Second Settlement Agreement, "awarding Appellant whatever time was necessary for her to attain twenty-five years of service with the Commonwealth," was unenforceable because Pennsylvania law prohibits Commonwealth employees from receiving credit for service without making contributions to the State Employees' Retirement System [("SERS")]. Given that requirement, Paragraph 2 was inconsistent with Paragraph 3 of the Second Settlement Agreement, affording Appellant "one year's salary at her last prevailing wage," as one year's salary would only be a sufficient contribution to [SERS] to credit Appellant with fifteen years of service and neither party agreed to make contributions for the additional ten years of service.
>
> This illegal provision appears to have been inserted under the mistaken belief that Appellant needed twenty-five years of service in order to qualify for medical benefits, when in actuality she only needed fifteen.

The DOC thus offered Appellant a new settlement agreement (the "Third Settlement Agreement") [which maintained that Appellant was entitled to one year's salary, and accordingly adjusted her

credited years of service down to fifteen]. It appears, however, that Appellant refused to sign the Third Settlement Agreement.

*Cicchiello v. Serv. Emp. Int'l Union Healthcare Pa.*, No. 579 MDA 2016, unpublished memorandum, at *2-3 (Pa. Super. filed January 13, 2017) (internal citations omitted).

On October 25, 2013, Appellant filed a complaint with the Board of Claims asserting a claim for breach of contract related to the Second Settlement Agreement. *See Cicchiello v. Department of Corrections*, 83 CD 2015, unpublished memorandum, at *2 (Pa. Cmwlth. 2015). The Board concluded it lacked subject matter jurisdiction over Appellant's complaint because "the Procurement Code excludes employment contracts and collective bargaining agreements from the Board's purview and the December 2012 Settlement Agreement arose from a dispute involving the underlying [Collective Bargaining Agreement] applicable to [Appellant]." *Id.* The Commonwealth Court affirmed the Board's decision. *Id.* at *4.

"In February 2015, the DOC and Appellee signed a new settlement agreement (the "Fourth Settlement Agreement"), which was substantially similar to the terms offered in the Third Settlement Agreement. Appellant did not sign the Fourth Settlement Agreement[,] and [she] disapproves of its terms." *Cicchiello*, No. 579 MDA 2016, at *3.

On June 18, 2015, Appellant filed a *pro se* complaint against Appellee and several other defendants in the United States District Court for the Middle District of Pennsylvania and raised, among other claims, violations of federal and state labor laws. *See* Report and Recommendation, 1:15-cv-01201, filed

1/5/16, at 1. The Magistrate found that Appellant's claim of breach of the duty of fair representation was barred by the statute of limitations. *Id.* at 12; S.R.R. at 43. Such claims have a six-month statute of limitations, and Appellant's claim "accrued in 2013, when it became clear that the DOC would not accept the Second Settlement Agreement." *Id.* Since Appellant filed her complaint in 2015, well beyond the six-month statute of limitations period, Appellant's claims were barred. *Id.* On February 2, 2016, the Report and Recommendation was adopted, and Appellant's complaint was dismissed.

On July 14, 2015, Appellant filed a *pro se* complaint against Appellee and several other defendants in the Northumberland County Court of Common Pleas and raised, among other claims, a breach of the duty of fair representation.[2] ***See Cicchiello***, No. 579 MDA 2016, unpublished memorandum at *2-6. This Court affirmed the trial court's dismissal of Appellant's complaint in accordance with Pa.R.Civ.P. 233.1. *Id.* We found the dismissal was justified because Appellant raised the same or similar claims against the same or similar defendants in federal court at docket number 1:15-cv-01201, and the claims were resolved in that prior case. *Id.* at *12.

Simultaneously on July 14, 2015, Appellant filed a *pro se* complaint against Appellee and several other defendants in the Commonwealth Court and raised, among other claims, violations of state labor laws and a breach of

_____

[2] Appellant filed two additional complaints in Northumberland County, Nos. 2015-2107 and 2015-2125, that were also dismissed. However, neither of those cases were appealed to this Court.

- 4 -

contract. *See Cicchiello v. SEIU 1199P*, No. 361 MD 2015, unpublished memorandum at *2 (Pa. Cmwlth, filed April 26, 2016). The Commonwealth Court found that Appellant's state labor law claims were barred by the applicable statute of limitations, and she failed to exhaust her administrative remedies. *Id.* at *6. The Commonwealth Court held that, even if the claims were not barred, the DOC and other state employers were exempt from the Pennsylvania Labor Relations Act. *Id.* Additionally, the Commonwealth Court held that Appellant's breach of contract claim was precluded because the Second Settlement Agreement was an unenforceable contract. *Id.* at *9. Ultimately, the Commonwealth Court dismissed Appellant's complaint with prejudice. *See Cicchiello v. SEIU 1199P, et al.*, No. 361 MD 2015, unpublished memorandum at *2 (Pa. Cmwlth. filed November 18, 2016).

On August 31, 2015, Appellant filed a second *pro se* complaint against Appellee and several other defendants in the Middle District. She asserted among other claims, violations of federal and state labor laws and a state breach of contract claim. *See* Report and Recommendation, 1:15-cv-01682, filed 2/5/16, at 1; S.R.R. at 52. The Magistrate found that Appellant's claims under federal and state labor laws were barred by the doctrine of *res judicata* because the claims were identical to those raised in docket number 1:15-cv-01201. *Id.* at 7-9; S.R.R. at 58-60. Since Appellant's federal claims were dismissed or precluded, the Magistrate did not exercise jurisdiction over the state breach of contract claim and noted that there was litigation pending in the Commonwealth Court. *Id.* at 10; S.R.R. at 61.

Appellant filed her second *pro se* complaint in Commonwealth Court against Appellee and other defendants, which was dismissed with prejudice on July 14, 2016. Appellant filed her third and fourth *pro se* complaints in Commonwealth Court against Appellee and other defendants, which were also dismissed with prejudice on May 19, 2017. In each instance, the Commonwealth Court found Appellant was barred from pursuing the same or related claims against Appellee without leave of court, and Appellant did not seek leave of court before filing.

On December 21, 2017, Appellant filed a *pro se* Complaint in the Northumberland County Court of Common Pleas against Appellee. In this complaint, Appellant asserted a breach of duty of fair representation, averring that (1) Appellee discriminated against her when it accepted an illegal settlement and (2) that Appellee had a duty to ensure that any settlement reached on behalf of its employees are enforceable. **See** Complaint, 12/21/17, at ¶¶ 5-32. She also raised a breach of contract claim. **Id.**, at ¶¶ 22-32.

Appellee filed a motion to dismiss Appellant's complaint pursuant to Rule 233.1 and bar Appellant from filing any further actions against Appellee for related claims. In the motion, Appellee argued that Appellant had filed numerous complaints against the same parties involving the same or related claims, all of which have been dismissed. The motion also noted that Appellant had filed identical complaints to the one at issue on appeal in

Commonwealth Court and the Middle District of Pennsylvania.[3] The trial court granted the motion and dismissed Appellant's complaint. This appeal followed. The trial court and Appellant complied with Pa.R.A.P. 1925, and Appellant now raises the following issues for our review:

I. Whether this is a friv[o]lous case against the Union and whether or not Appellant has a right to have this case reviewed?

II. Whether or not the lower court erred in not reviewing the complaint and all records with regards [to] retirement records and the negotiated settlement between Department of Corrections and [SEIU] on behalf of [Appellant] beneficiary is favored in law and binding on the parties?

III. Whether or not the Union breached its contact, their duty of fair representation, their judiciary duties when it reached the settlement agreement of 12/2012 and then failed to follow through with the legal procedures outlined by Article IX Section 901 of the Pennsylvania Act 195, Public Employee Relations Act of 1970, P.L. 563 No 195 as guaranteed under title 71-chapter 59 section 5995?

IV. Whether the Union did not use full good faith and honesty toward [Appellant], did the Union breach their duty and duty of fair representation to [Appellant]?

V. Whether or not [Appellant] has a third-party beneficiary claim to a collective bargaining settlement against the Union?

Appellant's Brief at 3-4.

_____

[3] On January 18, 2018, the Commonwealth Court struck Appellant's petition for review because it raised claims related to those previously dismissed with prejudice and Appellant was barred from pursuing these claims. On July 31, 2018, the Middle District dismissed Appellant's complaint with prejudice as barred by the doctrine of *res judicata*.

Essentially, Appellant argues that the trial court improperly dismissed her complaint pursuant to Pa.R.Civ.P. 233.1, which permits the dismissal of repetitive and frivolous suits filed by a *pro se* litigant. This Court has explained the purpose and intent of Rule 233.1:

> Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but not could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

*Gray v. Buonopane*, 53 A.3d 829, 836 (Pa. Super. 2012), *appeal denied*, 64 A.3d 632 (Pa. 2013).

"To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion." *Coulter v. Ramsden*, 94 A.3d 1080, 1086 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014). An abuse of discretion will not be found "based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment

exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. DiStefano**, 265 A.3d 290, 298 (Pa. 2021).

Pennsylvania Rule of Civil Procedure 233.1 governs a defendant's motion to dismiss frivolous or repetitive claims brought by a *pro se* plaintiff, and provides:

(a)     Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1)  the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2)  these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

(b)     The court may stay the action while the motion is pending.

(c)     Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

(d)     The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

Pa.R.Civ.P. 233.1. Further, Rule 233.1 does not mandate that the plaintiff's claims be identical, the Rule merely requires that they be related. **Gray**, 94 A.3d at 1087.

Here, the trial court determined that:

[t]he pleadings in this matter raise an identical claim against the identical defendant as were raised in [the trial court] at dockets CV[-]15-1307, CV-15-2107, CV-15-2125 all of which were dismissed including an action filed in the United States District Court to **Cicchiello v. SEIU 1199P UNION et al.**, 1:15-ev-1682

- 9 -

(M.D. Pa.) where such claim was resolved by the Order entered by the District Court on March 8, 2016 dismissing the claim as barred by the statute of limitations.

Trial Court Order, 8/8/23. As an initial matter, we note that Appellant does not challenge the trial court's conclusion that, for purposes of Rule 233.1, the defendant(s) in her prior actions and the instant case are the same or related defendants. In her brief, Appellant claims that "[t]his is a case of Third-Party Beneficiary that occurred when [Appellant] retired on 12/6/2017" and "[t]hese claims have not been raised in prior actions." *Id.* at 10-11.

Appellant did not assert a third-party beneficiary claim in her complaint and cannot raise it for the first time on appeal. *See* Pa.R.A.P. 302(a). Rather, she asserted claims of breach of contract and breach of the duty of fair representation. Moreover, Appellant failed to develop an adequate argument in her brief that the claims of breach of contract and breach of the duty of fair representation were not raised in prior actions. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*). Thus, we find the issue waived.

Regardless of Appellant's waiver, no relief would be due on this claim. At the time the instant complaint was filed, Appellant filed ten prior lawsuits in both state and federal courts.[4] In each case, Appellant claimed that she

---

[4] Appellant filed four Complaints in Northumberland County Court of Common Pleas (CV-15-1307, CV-15-2107, CV-15-2125, and CV-16-509), three complaints in Commonwealth Court (527 MD 2015, 528 MD 2016, and 361 MD 2015), and three complaints in the United States District Court for the Middle District of Pennsylvania (1:15-cv-01201, 1:15-cv-01682, and 1:15-cv-
*(Footnote Continued Next Page)*

was wronged by the DOC and Appellee due to their recission of the Second Settlement Agreement, which she has been seeking to enforce.

After reviewing the record, including Appellant's complaints filed in Commonwealth Court and federal court, we agree with the trial court that the issues now raised by Appellant are the same or related claims as those raised in prior actions which have been resolved through a court proceeding. In her complaint, Appellant asserted claims arising generally from a union's duty to its members, including a claim that Appellee breached its duty of fair representation to Appellant. Complaint, 12/21/17, at 2-3 (unpaginated). She also alleged a breach of contract, asserting that the Second Settlement Agreement must be enforced under general contract principles. *Id.* at 4-5 (unpaginated).

As discussed above, both claims were previously raised by Appellant against Appellee, and these claims have already been resolved by a court proceeding. In 2013, Appellant first raised a breach of contract claim in her complaint to the Board of Claims, which determined it lacked subject matter jurisdiction over the claim. The Commonwealth Court affirmed the Board's decision. Moreover, the Middle District found that even if Appellant's breach of contract claim was not explicitly raised in prior complaints, it was barred by the doctrine of *res judicata* because "it is contingent on the same underlying

---

02139). All of Appellant's complaints have been dismissed except for CV-16-509 (motion to dismiss filed on April 21, 2016, but no order disposing of the motion as been filed).

facts and could have been raised during the [Appellant]'s prior proceedings." *See* Report and Recommendation, 1:17-cv-02365, filed 4/20/18, at 6. Appellant first raised a breach of duty of fair representation claim in 2015. The Middle District determined this claim was barred by the applicable statute of limitations.

Accordingly, the trial court did not err or abuse its discretion when it granted Appellee's motion to dismiss.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/27/2024